IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN D. LYONS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ESTES EXPRESS LINES AND<br>MITCHEL R. FISHEL, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO.　1:15-CV-00254<br><br>JUDGE JAMES S. GWIN<br><br>**DEFENDANTS ESTES EXPRESS LINES<br>AND MITCHEL R. FISHEL'S ANSWER<br>TO PLAINTIFF'S AMENDED<br>COMPLAINT**<br><br>Bradley A. Wright (0047090)<br>bwright@ralaw.com<br>Ronald B. Lee (0004957)<br>rlee@ralaw.com<br>Roetzel & Andress, LPA<br>222 South Main Street<br>Akron, OH 44308<br>Telephone: 330.376.2700<br><br>Amy L. Butler (0075714)<br>abutler@ralaw.com<br>Roetzel & Andress, LPA<br>One SeaGate, Suite 1700<br>Toledo, OH  43604<br>Telephone: 419.242.7985<br><br>*Attorneys for Defendants Estes Express Lines<br>and Mitchel R. Fishel* |

Now come Defendants Estes Express Lines and Mitchel R. Fishel, by and through

undersigned counsel, in response to the allegations contained in Plaintiff's Amended Complaint

state and aver as follows:

9389737 _1 105941.0072

## FIRST DEFENSE

1.      Defendants deny the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint and therefore deny same.

3.      Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 6 of the Amended Complaint as if fully restated herein.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore deny same.

12.     Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendants admit that John Lyons incurred medical bills for treatment of injuries but deny any knowledge as to the cost of future care, services, or treatment directly resulting from this collision and therefore deny the remainder of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendants deny Plaintiff's characterization of Defendant Mitchell Fishel's statement to the police and deny all other allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 17 of the Amended Complaint as if fully restated herein.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

9389737 _1  105941.0072

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 21 of the Amended Complaint as if fully restated herein.

22.     Defendants admit that Mitchel R. Fishel was an employee of Estes Express Lines, but deny all other allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 23 of the Amended Complaint as if fully restated herein.

24.     Defendants admit that Estes Express Lines is a registered owner of the US DOT No. 121018 displayed on the tractor unit involved in this collision, but deny all other allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 25 of the Amended Complaint as if fully restated herein.

26.     Defendants admit the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

9389737 _1  105941.0072

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

30(A).  Defendants acknowledge that Estes Express was involved in an accident in Ohio in August 2010, but deny Plaintiff's characterizations of that accident contained in Paragraph 30(A) of Plaintiff's Amended Complaint and deny all other allegations contained in Paragraph 30(A) of Plaintiff's Amended Complaint.

30(B). Defendants acknowledge that Estes Express was involved in an accident in September 2010, but deny Plaintiff's characterizations of that accident contained in Paragraph 30(B) of Plaintiff's Amended Complaint and deny all other allegations contained in Paragraph 30(B) of Plaintiff's Amended Complaint.

30(C). Defendants acknowledge that Estes Express was involved in an accident in 2012, but deny Plaintiff's characterizations of that accident contained in Paragraph 30(C) of Plaintiff's Amended Complaint and deny all other allegations contained in Paragraph 30(C) of Plaintiff's Amended Complaint.

31.     Defendants deny Plaintiff's characterization of Defendant Mitchell Fishel's statement to the police and deny all other allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

5

34.     Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants reallege and reincorporate all aforementioned admissions and denials in response to the allegations reasserted in Paragraph 36 of the Amended Complaint as if fully restated herein.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny all allegations contained in Plaintiff's Amended Complaint that are not expressly admitted herein.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

Insofar as the evidence in this case establishes and supports, the following defenses are asserted:

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

<strong><u>SECOND AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's Amended Complaint fails to state a cause of action against these Defendants.

<strong><u>THIRD AFFIRMATIVE DEFENSE</u></strong>

Plaintiff's claims are barred by spoliation of evidence.

6

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to join the necessary and indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party-in-interest for all or part of the claims herein.

## SIXTH AFFIRMATIVE DEFENSE

The injuries and/or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.  Defendants assert their right to the "Empty Chair" defense permitted by Section 2307.23 of the Ohio Revised Code.

## SEVENTH AFFIRMATIVE DEFENSE

That no duty as alleged was owed to Plaintiff by these Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Any alleged injuries sustained by Plaintiff were proximately caused, totally or in part, by Plaintiff's negligence and/or willful acts and that any recovery by Plaintiff must, therefore, be dismissed in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were a result of intervening superseding actions of independent third-parties/persons not under Defendants' control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff incurred and/or assumed the risks of which he complains in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to mitigate his alleged damages and injuries.

9389737 _1  105941.0072

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or reduced by contributory and/or comparative negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff waived any and all claims which he seeks to assert in this action and are estopped both to assert and to recover upon such claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the evidence establishes that the claim asserted is subject to laches, Plaintiff's Amended Complaint is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is unconstitutional under the United States and Ohio Constitutions and, at a minimum, limited.

## SIXTEENTH AFFIRMATIVE DEFENSE

Section 2315.21 of the Ohio Revised Code contains limitations on the imposition of punitive damages and limits any punitive or exemplary damage claim in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any request for punitive damages should be bifurcated from the compensatory damages portion of the lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Defendants were confronted by a sudden emergency.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and will be dismissed pursuant to all reasons articulated in the accompanying Motion to Dismiss and Motion for Judgment on the Pleadings filed by

9389737 _1  105941.0072

Defendants including, without limitations:

A.      Plaintiff has insufficiently requested punitive damage awards from Defendants Mitchel Fishel and Estes Express Lines and such request should be dismissed from the pleading; and

B.      The Fourth Cause of Action alleges strict liability and there exists no strict liability claim under the alleged facts.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's actions constitute malice and a conscious disregard for the rights and safety of others and therefore bar his claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Insofar as Plaintiff lacks standing to seek recovery of any and all damages, Plaintiff is not entitled to the requested relief.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Insofar as there was a grave emergency justifying continued operation to the nearest place at which that hazard is removed, pursuant to 49 C.F.R. 392.3, Plaintiff is not entitled to the requested relief.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Insofar as it was not practicable to drive entirely within a single lane or line of traffic, Section 4511.33 of the Ohio Revised Code is inapplicable and Plaintiff is not entitled to the requested relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Insofar as any Federal Law pre-empts any State Laws alleged to be violated in Plaintiff's Amended Complaint, said State Laws are inapplicable and Plaintiff is not entitled to the requested relief.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Insofar as Defendant's damages were the result of unrelated, pre-existing or subsequent conditions not proximately caused by Defendants' conduct, Plaintiff is not entitled to the requested relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserve the right to amend its Answer to assert such defenses.

WHEREFORE, Defendants respectfully request that all claims asserted by Plaintiff in his Amended Complaint be dismissed in this action.

Respectfully submitted,

/s/ *Ronald B. Lee*
Bradley A. Wright (0047090)
Ronald B. Lee (0004957)
Amy L. Butler (0075714)

*Attorneys for Defendants Estes Express Lines
and Mitchel R. Fishel*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Ronald B. Lee*

Bradley A. Wright (0047090)

Ronald B. Lee (0004957)

Amy L. Butler (0075714)
