UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JOHN D. LYONS, :
: CASE NO. 1:15-cv-00254
Plaintiff, :
:
v. : OPINION
: [Resolving Doc. 35]
ESTES EXPRESS LINES, INC., *et al.*, :
:
Defendants. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE

In this case arising out of a two-truck crash on Interstate 71, Counter-Defendants Mitchel Fishel and Estes Express Lines, Inc. ("Estes") move to dismiss Counter-Claimant P&D Transportation, Inc.'s ("P&D") demand for punitive damages.[1] For the following reasons, Fishel and Estes's motion is **DENIED**.

**I. Background**

Plaintiff John Lyons, acting as an independent contractor, leased a tractor-trailer from P&D. On the morning of August 28, 2014, Lyons's truck broke down while he was driving on Interstate 71 in Richland County, Ohio. Lyons partially pulled into the berm and went under the tractor to make repairs. Counter-Defendant Fishel, who worked for Estes, crashed into Lyons's trailer, which was still partially in the right lane of the highway. Lyons suffered catastrophic injuries as a result.[2]

Counter-claimant P&D has sued Fishel and Estes, alleging that Fishel was negligent in his

---

[1] Doc. 35.
[2] Doc. 24.

-1-

Case No. 1:15-cv-00254
Gwin, J.

operation of the vehicle and Estes is vicariously liable. P&D seeks to recover damages for loss of cargo, property damage, towing, and repair expenses. P&D also demands punitive damages against Fishel and P&D, alleging they acted "with conscious disregard for the rights and safety of others."[3]

## II. Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[5]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[7] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations."[8]

## III. Analysis

Lyons and Fishel say that P&D has insufficiently pled its request for punitive damages. They say P&D's complaint is merely "an unadorned, the-defendant-unlawfully-harmed-me

---

[3] Doc. 27 at 7-10.
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Id.*
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Iqbal*, 556 U.S. at 678-79 (citations omitted).
[8] *Id.*

Case No. 1:15-cv-00254
Gwin, J.

accusation . . . contain[ing] no facts that, if proven, would support an award of punitive damages."[9]

The "principle inherent in the award of punitive damages is that something more than mere negligence is always required."[10] Under Ohio Revised Code § 2315.21(C)(1), punitive damages in a tort action are available only where "[t]he actions or omissions of [the] defendant demonstrate malice . . . ."[11] Malice includes "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm."[12] "[A]ctual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross."[13]

P&D says the facts in their complaint support a finding that Fishel demonstrated a conscious disregard for the safety of others. P&D claims that Fishel ran over emergency reflective triangles placed behind Lyons's trailer; that Fishel kept his cruise control engaged after running over the triangles; that Fishel also ignored emergency lights and flashers on the trailer itself; and that Fishel did not engage his brakes at any time before colliding with Lyons's trailer.[14]

Fishel and Estes respond that P&D has alleged only fatigue and distracted driving, which cannot support a demand for punitive damages.[15] Fishel and Estes cite cases from numerous jurisdictions for the proposition that even falling asleep while driving does not rise to the level or

---

[9] Doc. 35.
[10] *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987).
[11] Ohio Rev. Code § 2315.21(C)(1).
[12] *Preston*, 512 N.E.2d at 1176.
[13] *Villella v. Waikem Motors, Inc.*, 543 N.E.2d 464, 476 (1989) (citing *Columbus Fin., Inc. v. Howard*, 327 N.E.2d 654, 658 (Ohio 1975) and *Rubeck v. Huffman* 374 N.E.2d 411, 413 (Ohio 1978)).
[14] Doc. 41 at 4.
[15] Doc. 42.

Case No. 1:15-cv-00254
Gwin, J.

conscious disregard for the safety of others.[16]

P&D responds that they have not alleged that Fishel fell asleep. P&D notes, "Mr. Fishel, ignoring all of the warnings, drove directly into the rear of the Putnam trailer without even braking. Should Third Party Plaintffs argue that Mr. Fishel did not see the trailer because of the time of day or that the collision occurred due to mere negligence (fatigue or distraction), then that will be an issue that will be more appropriate for summary judgment."[17]

P&D is correct. The facts in P&D's complaint – namely, Fishel's failure to take any steps to avoid a catastrophic collision despite numerous warnings – could support an award of punitive damages. Fishel and Estes may eventually show fatigue or distraction caused the accident. But the motion to dismiss is judged on the facts in P&D's complaint, not Fishel and Estes's proposed explanation for those facts. Standing on its own, the complaint supports a claim for punitive damages. Therefore, Fishel and Estes's motion is **DENIED**.

IT IS SO ORDERED.

Dated: June 18, 2015                        s/        *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[16] *See* Doc. 42 at 2-3.
[17] Doc. 41 at 4-5.